U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2011 OCT 17 PM 12:48
CLERK
BY ＰＭ
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:11-cr-24 |
| ) | |
| JASON BENJAMIN ) | |

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION TO DISMISS
(Doc. 23)

This matter came before the court on Defendant Jason Benjamin's motion to dismiss the "First Superseding Indictment"[1] ("Indictment") for failing to allege the essential element of scienter. (Doc. 23.) The Government opposes the motion. The parties waived oral argument. The Government is represented by AUSA Christina E. Nolan. The Defendant is represented by Steven L. Barth, Esq.

### I.    Factual and Procedural Background.

The Indictment charges Defendant with two counts. Count One charges a violation of 18 U.S.C. § 371, conspiracy to commit interstate transport of stolen goods worth more than $5,000, and alleges in relevant part:

> From April 2010 through approximately November 2010, in the District of Vermont and elsewhere, the defendant JASON BENJAMIN knowingly and willfully conspired with Joshua Benjamin and others known and unknown to grand jury to unlawfully transport in interstate commerce stolen goods, that is, items stolen from the trailer of John Aszklar, such goods being of value of $5,000 or more, knowing the same to have been stolen, in violation of 18 U.S.C. § 2314.

(Doc. 16, ¶ 4.) Although Defendant's motion is styled as addressing the entire Indictment, Defendant argues only that Count One fails to allege that Defendant acted with "specific intent," which "offends both the Fifth and Sixth Amendment." (Doc. 23

---

[1] The indictment at issue is numerically the second superseding indictment, but it was mistakenly entitled the First Superseding Indictment.

at 3.) The Government counters that the words "knowingly and willfully" in the Indictment sufficiently allege specific intent and that Defendant has sufficient notice of the charge against him. Further, the Government argues that Defendant has failed to demonstrate prejudice.

## II.   Conclusions of Law and Analysis.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

"An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992). The Indictment Clause of the Fifth Amendment "requires that an indictment contain some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury." *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999). According to the Second Circuit, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975).

Moreover, an indictment should "not be read in a technical manner." *United States v. Anderson*, 532 F.2d 1218, 1222 (9th Cir. 1976). "Even if an essential averment in an indictment is faulty in form, if it may by fair construction be found within the text, it is sufficient." *Id.* An indictment lacking an express allegation of scienter may thus be sufficient if "the indictment . . . sufficiently imported knowledge of the essential facts of the crime." *United States v. Sutton*, 961 F.2d 476, 479 (4th Cir. 1992) (ruling that absence of allegation of scienter was not fatal to the indictment); *see also United States v. Hester*, 719 F.2d 1041, 1043 (9th Cir. 1983) (noting that indictment that "failed to specify the requisite mental state" was sufficient because it "afforded [the defendant] fair notice of the crime with which he was charged."). Finally, simply "point[ing] out the

2

discrepancy" between an indictment and a statute will fail when a defendant "does not contend that [the] imprecision made him unable to prepare an adequate defense[] or to be aware of the charge against him, or otherwise specifically impaired his ability to defend himself." *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998).

In determining whether the Indictment at issue here is sufficient, the court first examines the relevant statutory language of 18 U.S.C. § 371, which does not address the requisite mental state. Section 371 provides in relevant part:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

It is "well settled" that to prove the crime of conspiracy under Section 371, the government must establish: (1) that the defendant agreed with at least one other person to commit an offense; (2) the defendant knowingly participated in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy; and (3) that during the existence of the conspiracy, at least one of the overt acts set forth in the indictment was committed by one or more of the members of the conspiracy. *United States v. Salameh*, 152 F.3d 88, 145 (2d Cir. 1998). Defendant focuses on the second factor, arguing that the Government has insufficiently alleged the "specific intent to commit the offenses that were the objects of the conspiracy." (Doc. 23 at 3.)

The allegations of the Indictment are sufficient here. Defendant cites no authority supporting the proposition that the phrase "specific intent" must appear in the Indictment. While Defendant argues that *United States v. Downing*, 297 F.3d 52, 57 (2d Cir. 2002) and *Salameh*, 152 F.3d at 145 require the Government to plead specific intent, both cases address sufficiency of evidence after conviction rather than sufficiency of allegations in an indictment. Neither case sets forth the particularized pleading standard that Defendant argues should be applied here.

Defendant's argument that *United States v. Fistel*, 460 F.2d 157 (2d Cir. 1972), supports dismissal is equally unavailing. In *Fistel*, the Second Circuit held that the

3

government had improperly omitted from the indictment the "essential element of 'intent to steal or purloin' required to state an offense" under 18 U.S.C. § 2113(b) and that, if the argument had been raised before trial, the indictment should have been dismissed. *Id.* at 160. While 18 U.S.C. § 2113(b) includes the phrase "intent to steal or purloin" as an element of the crime, 18 U.S.C. § 371 does not. Thus, *Fistel* does not support dismissal.

Because the relevant statute itself does not set forth a requisite mental state and an indictment "need do little more" than track the language of the statute, *Tramunti*, 513 F.2d at 1113, any lack of particularity in the Indictment is excusable absent a showing of prejudice. Even if an indictment is "not a model of clarity," the Second Circuit has "'repeatedly refused, in the absence of any showing of prejudice, to dismiss . . . charges for lack of specificity.'" *Walsh*, 194 F.3d at 45 (quoting *United States v. McClean*, 528 F.2d 1250, 1257 (2d Cir. 1976)). Defendant does not mention prejudice in his motion, nor does Defendant argue that he has not been sufficiently informed of the charge against him to frame a defense. The Indictment's allegations are sufficiently detailed that Defendant could plead double jeopardy if the same charge were brought against him. Count One of the Indictment specifies dates, locations, allegedly stolen items, and recites five overt acts. *See Russell v. United States*, 369 U.S. 749, 764 (1962) (indictment sufficient to protect against double jeopardy where indictment for refusal to answer certain questions before a congressional subcommittee specified time, place, and questions asked).

Because the allegations of the Indictment are sufficient and because Defendant has not demonstrated prejudice, Defendant's Motion to Dismiss the Indictment is DENIED. (Doc. 23.)

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 17th day of October, 2011.

Christina Reiss, Chief Judge
United States District Court

4